IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARL SHAVER, Jr., | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 24-cv-02048-JPG |
| | ) |
| SERGEANT KOELKER, | ) |
| DEPUTY BOGLE, | ) |
| JOHN DOE OFFICERS | ) |
| and MADISON COUNTY, ILLINOIS, | ) |
| | ) |
|       Defendants. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Carl Shaver, Jr., is an inmate in the custody of the Illinois Department of Corrections and is currently incarcerated at Sheridan Correctional Center. (Doc. 6). He filed a Complaint pursuant 42 U.S.C. § 1983 for the alleged use of excessive force against him during his arrest in Madison County, Illinois. (Doc. 1). He seeks money damages. *Id*. The Complaint is subject to preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out portions that are legally frivolous or malicious, fail to state a claim, or seek money damages from an immune defendant. 28 U.S.C. § 1915A(a)-(b).

**The Complaint**

Plaintiff sets forth the following allegations in the Complaint (Doc. 1, pp. 1-4): Plaintiff was arrested in Granite City, Illinois, on April 28, 2023. A warrant was issued prior to his arrest. Sergeant Koelker observed Plaintiff's vehicle outside a convenience store and summoned Deputy Bogle. The two officers entered the store and found Plaintiff in the gaming room. Sergeant Koelker grabbed Plaintiff's left elbow and forearm, jammed his arm across his neck, and pushed

1

him out of the room.  Plaintiff did not resist arrest or take any action to provoke the officers. Sergeant Koelker, Deputy Bogle, and John Doe Officers then viciously slammed Plaintiff to the ground and repeatedly shot him with a taser.  None of the officers took steps to intervene and protect Plaintiff from the unauthorized use of force.  He suffered physical and emotional injuries. Plaintiff now seeks money damages against the individual defendants and indemnification against Madison County, Illinois.

## Discussion

Plaintiff sets forth the following two claims in the Complaint:

**Count 1:**   Fourth Amendment claim against Sergeant Koelker, Deputy Bogle, and John Doe Officers for using unauthorized force against Plaintiff during his arrest or failing to intervene and protect Plaintiff from its use on or around April 28, 2023.

**Count 2:**   Indemnification claim against Madison County, Illinois, should the individual officers be found liable for the above.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

The Fourth Amendment safeguards "[t]he right of the people to be secure in their persons" and prohibits unreasonable seizures.  *See Torres v. Madrid*, 592 U.S. 306 (2021) (a seizure included the application of physical force to the body of a person with intent to restrain, even if the force does not subdue the person).  The allegations suggest that the sergeant, deputy, and unknown officers used force against Plaintiff that was excessive and unreasonable or failed to intervene and protect Plaintiff from its use in violation of the Fourteenth Amendment.  Count 1

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

shall proceed against Sergeant Koelker, Deputy Bogle, and John Doe Officers (once identified), in their individual capacities. The Madison County Sheriff shall be added as a defendant in an official capacity for purposes of responding to discovery aimed at identifying the unknown officers by name. Plaintiff shall also proceed past screening with the indemnification claim in Count 2 against Madison County, Illinois, which arises from the potential liability of Madison County officials for the § 1983 claim in Count 1. *See* 745 ILCS § 10/9-102; *Hollimon v. Cook County*, 2016 WL 4678312 (N.D. Ill. Sept. 6, 2016).

### Disposition

The Complaint (Doc. 1) survives screening, as follows: **COUNT 1** will receive further review against **SERGEANT KOELKER, DEPUTY BOGLE,** and **JOHN DOE OFFICERS** (once identified), in their individual capacities, and **COUNT 2** will proceed against **MADISON COUNTY, ILLINOIS**.

The Clerk's Office is **DIRECTED** to **ADD** the **MADISON COUNTY SHERIFF** (official capacity only) as a defendant for purposes of identifying each one of the John Doe Officers (arresting officers) by name. This defendant need only file an appearance in this matter and need not answer the Complaint.

Plaintiff's counsel shall initiate service of this lawsuit on **ALL DEFENDANTS**. Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order**.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days**

after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**Because the claim in this case involves excessive force that resulted in injuries, the Clerk's Office is DIRECTED to ENTER the standard HIPAA-Qualified Protective Order for purposes of gathering medical records relevant to the claim(s) herein.**

**IT IS SO ORDERED**.

DATED: 11/5/2024                              s/J. Phil Gilbert
                                                            **J. PHIL GILBERT**
                                                            **United States District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint.  After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint.  It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more.  When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures.  Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions.  Motions filed before defendants' counsel has filed an appearance will generally be denied as premature.  The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.